BLT Steak LLC v Liberty Power Corp., LLC (2019 NY Slip Op 03540)





BLT Steak LLC v Liberty Power Corp., LLC


2019 NY Slip Op 03540


Decided on May 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2019

Renwick, J.P., Richter, Tom, Kapnick, Kern, JJ.


9228 151293/13

[*1]BLT Steak LLC, et al., Plaintiffs-Respondents,
v
Liberty Power Corp., LLC doing business as Liberty Power New York, et al., Defendants-Appellants.


Greenberg Traurig, LLP, Albany (Cynthia E. Neidl of counel), for appellants.
Wachtel Missry LLP, New York (Dani Schwartz of counsel), for respondents.



Order, Supreme Court, New York County (Shlomo Hagler, J.), entered March 15, 2018, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
Plaintiff restaurant companies seek to recover damages resulting from defendant power suppliers' overcharging them for the supply of electricity. The relevant accounts were first opened with defendants in 2005 by nonparty ETA Restaurants Inc., a then affiliate of plaintiffs, for the supply of electricity for a 24-month term. After that initial term expired, the accounts, whose bills were paid by plaintiffs, were charged a variable rate set by defendants on a month-to-month basis until plaintiffs terminated their accounts in 2012. Plaintiffs contend that defendants violated the contractual terms applicable to electricity buyers who continued to be charged a default variable rate set by defendants after the expiration of their contracts.
Defendants failed to demonstrate that electricity buyers like plaintiffs, who reached the end of an initial contract term before regulatory changes were made in 2009 and did not cancel their service, renew their contracts, or enter into new contracts but had the service continue at the default variable rate until cancelled, are not covered by the terms and conditions of the New York-Rollover Variable Rate Plan, and, at most, have contractual rights under the terms and conditions of the initial contract. Nor did defendants demonstrate that where, as here, the initial contract is not available for review years later (because it was properly deleted from the system), there can be no contractual claim to enforce any terms and conditions. Thus, the motion court correctly found that issues of fact exist as to whether there is an enforceable contract for electricity between the parties with applicable terms and conditions covering the variable rate. Further, issues of fact exist as to whether defendants breached any of those terms and conditions by charging an exorbitant, hidden "margin fee" not provided for in the rate term.
The court correctly rejected defendants' argument that the evidence demonstrates that plaintiffs lack standing to bring the breach of contract claim.
The court correctly rejected defendants' argument based on the voluntary payment doctrine (see Kirby McInerney & Squire, LLP v Hall Charne Burce & Olson, S.C., 15 AD3d 233 [*2][1st Dept 2005]). The record does not demonstrate that plaintiffs made the payments with full knowledge of the facts that would have enabled them to conclude that they were being overcharged by defendants due to a hidden margin fee.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2019
CLERK